**UNITED STATES DISTRICT COURT**
**FOR THE**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| GAYLENA CARLY, )<br><br>          Plaintiff )<br><br>     v. )<br><br>SYNCHRONY BANK, )<br><br>          Defendant ) | ) **Case No.:**<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>) |

## COMPLAINT

GAYLENA CARLY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SYNCHRONY BANK ("Defendant"):

### INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the State of Ohio and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff is a natural person residing in Wooster, Ohio 44691.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation that does business in Ohio and maintains its principle place of business at 170 Election Road, Suite 125, Draper, Utah 84020.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.      Plaintiff has a cellular telephone number that she has had for more than one year.

11.      Plaintiff has only used this number as a cellular telephone number.

12.      Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone number.

13.      When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded or artificial voice.

2

COMPLAINT

14.     Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded or artificial voice as calls would begin with a noticeable pause or delay before a live representative would come on the line.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Shortly after the calls started, Plaintiff first told the Defendant to stop calling her.

17.     Defendant acknowledged Plaintiff's request to stop calling, but then ignored it and continued to call her repeatedly.

18.     Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

19.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

COMPLAINT

22.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

25.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, GAYLENA CARLY, respectfully prays for a judgment as follows:

      a.     All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

4

COMPLAINT

b.    Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.    Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. §227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number;

d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, GAYLENA CARLY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/10/20                    KIMMEL & SILVERMAN, P.C.

By:*/s/ Amy Lynn Bennecoff Ginsburg*
    Amy Lynn Bennecoff Ginsburg, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: aginsburg@creditlaw.com

5

COMPLAINT